# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TIMOTHY BEDWELL,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF ALASKA, WARDEN OF GOOSE CREEK CORRECTIONAL CENTER, ALASKA ATTORNEY GENERAL,<br><br>    Respondents. | Case No. 4:25-cv-00043-SLG-MMS |

## ORDER ON REPORT AND RECOMMENDATION

Before the Court are two motions: Petitioner Timothy Bedwell's Petition Under 28 U.S.C. § 2254 For Habeas Corpus Relief at Docket 1; and Petitioner's Motion for Emergency Ex Parte Habeas Relief at Docket 4. The petition was referred to the Honorable Magistrate Judge Matthew M. Scoble. Petitioner Bedwell filed a Notice to Clerk Invoking Article III Equity Jurisdiction for Fee Waiver at Docket 3. At Docket 7, Judge Scoble issued his Report and Recommendation, in which he recommended that the petition be dismissed without prejudice. Objections to the report were due by October 30, 2025; none have been filed.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge."[1] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

The Magistrate Judge recommended that the Court dismiss the § 2254 Petition for two reasons: First, because the Court lacks jurisdiction since Petitioner did not name a specific individual with custodial authority over him as the respondent,[4] and second, because Petitioner has not exhausted his state court remedies.[5] The Court has reviewed the Report and Recommendation and agrees with its analysis. The Magistrate Judge also recommended that the Motion for Emergency Ex parte Habeas Relief be denied.

Accordingly, the Court adopts the Report and Recommendation, and IT IS ORDERED that the Petition for Habeas Corpus Relief at Docket 1 is DISMISSED without prejudice and Motion for Emergency Ex Parte Habeas Relief at Docket 4 is DENIED. The Clerk of Court shall enter a final judgment accordingly. A

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Id.*

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[4] Docket 7 at 5-6.

[5] Docket 7 at 6-7.

4:25-cv-00043-SLG-MMS, *Bedwell v. State of Alaska, et al.*
Order on Report and Recommendation re § 2254 Petition
Page 2 of 3
Case 4:25-cv-00043-SLG-MMS    Document 8    Filed 11/17/25    Page 2 of 3

Certificate of Appealability shall not issue because reasonable jurists could not debate whether this Petition should have been resolved in a different manner.[6] Petitioner may request a certificate of appealability from the Ninth Circuit Court of Appeals.

DATED this 17th day of November, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[6] 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

4:25-cv-00043-SLG-MMS, *Bedwell v. State of Alaska, et al.*
Order on Report and Recommendation re § 2254 Petition
Page 3 of 3
Case 4:25-cv-00043-SLG-MMS   Document 8   Filed 11/17/25   Page 3 of 3